UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FELIX LOPEZ GALINDO,<br><br>Defendant. | Case No. 17-cr-00244-WHO-6<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Defendant Felix Lopez Galindo moves for compassionate release from Lompoc United States Penitentiary ("USP Lompoc") pursuant to 18 U.S.C. § 3582(c)(1)(A) because he is of heightened risk of COVID-19 infection as a result of the conditions of his incarceration and his Type 2 diabetes. I may grant his motion only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The government concedes that Galindo is in the high-risk category for COVID-19 infection, but argues that Galindo is a danger to the community and that consideration of the Section 3553(a) factors should compel me to deny the motion. Gov't Response, Dkt. No. 948. I agree. Galindo's motion is DENIED.

The phrase "extraordinary and compelling reasons" has been defined by the United States Sentencing Commission in the application notes to U.S.S.G. § 1B1.13. There are five circumstances that qualify as "extraordinary and compelling reasons" to grant compassionate release.

The first two relate to the defendant's medical condition. The "extraordinary and compelling reasons" standard is satisfied if "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)." U.S.S.G. § 1B1.13 cmt. n.1(A)(i). It is also satisfied by "a serious physical or medical condition, . . . serious functional or

cognitive impairment, or . . . deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id*. § 1B1.13 cmt. n.1(A)(ii).  The defendant's age qualifies as a third extraordinary and compelling reason if, "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id*. § 1B1.13 cmt. n.1(B).  Family circumstances requiring the defendant to care for minor children or a spouse or registered partner are a fourth qualifying reason. *Id*. § 1B1.13 cmt. n.1(C).  Fifth, a catch-all provides for relief if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id*. § 1B1.13 cmt. n.1(D).

Galindo suffers from Type 2 diabetes, which by itself puts him in the high-risk category.  Galindo Motion, Dkt. No. 946.  His medical ailments also include hypertension, hypothyroidism, hyperlipidemia (high cholesterol), a blood clot in his stomach, and chronic chest pain following a gunshot wound.  Gov't Response at 4.  He is incarcerated at USP Lompoc (not FCI Lompoc, as defendant asserts in his motion—USP Lompoc has had better success in addressing COVID-19), and the risk for Galindo is elevated because he is in an institutional setting.[1]  *Id.* at 8, 11.  The parties debate the severity of Galindo's ailments other than Type 2 diabetes, as well as the impact of his having tested positive for COVID-19 in June.  But the government does not dispute that Galindo is in the high-risk category that would qualify as an "extraordinary and compelling" reason for release.  *Id.* at 12- 14.

However, being in a high-risk category in prison, alone, does not compel the conclusion

---

[1] The government describes in some detail the efforts that the BOP, in general, has made to contain COVID-19 outbreaks, statistics regarding infections at USP Lompoc, and the medical care and records for Galindo at USP Lompoc.  Gov't Response at 4 – 8.  Galindo appears to be receiving regular attention to his medical needs.  As of November 12, 2020, there was one confirmed active inmate case and one confirmed active staff case at USP Lompoc.  *Id.* at 8.  That is small comfort given that our state and country are in the midst of an alarming escalation of COVID-19 infections.

2

that he should be released. I also need to consider if Galindo is a danger to others and I cannot grant the motion if he is. U.S.S.G. § 1B1.13(2). And he is.

On February 21, 2019, I accepted the parties' agreement with probation's recommendation that I sentence Galindo to a mandatory minimum custodial sentence of 120 months, a below-Guidelines sentence. Judgment, Dkt. No. 730. Galindo had been the leader of a drug trafficking organization that brought and distributed significant quantities of cocaine, methamphetamine, and heroin into the Bay Area: He admitted to responsibility for the possession with intent to distribute of 11 kilos of cocaine recovered on April 20, 2017, as well as 56.2 grams of heroin, 139.4 grams of crack cocaine found in two houses, and 111.2 grams of cocaine found in one house. Prior to his plea of guilty in this case, he had a 2009 felony conviction for possession of a controlled substance, a 2010 felony conviction for transportation/sale of a controlled substance, and 2016 misdemeanor convictions for reckless driving and driving on a suspended license. He was in the country illegally at the time of sentencing, given his deportation in 2010, and had an ICE detainer. Pre-Sentence Report, Dkt. No. 724 at 8 -14.

In light of Galindo's criminal history and the gravity of the offenses for which he has been convicted, particularly the ones on which I sentenced him, I conclude that he remains a danger to others. He claims that his was a non-violent crime. I consider the destruction he has visited on the lives of people victimized by his drug trafficking organization and give that argument no weight. I hope that, as he says, he is rehabilitating himself in prison and taking advantage of the programming offered. My hopes for his future do not counterbalance the actual evidence of danger shown in his criminal history and conduct in this case. Because he remains a danger to others, he may not be released. U.S.S.G. § 1B1.13(2).

Consideration of the 18 U.S.C. § 3553(a) factors, which I analyzed only 21 months ago at the time of sentencing, net the same result. Galindo has served just more than half of the 120-month sentence for which he and the government argued at sentencing. He has roughly 59 months remaining on his sentence, and in all likelihood he will be deported when he finishes serving his sentence. He committed a very serious crime. He has a significant criminal history. He was a danger to the community when I sentenced him, and the fact that he has had a clean disciplinary

record in prison does not alter the reasons I concluded that his sentence provided just punishment and protected the public from future crime. Despite being in a high-risk category, the purposes of sentencing are still best served by Galindo's completion of the sentence to which he agreed.

The motion is denied.

**IT IS SO ORDERED.**

Dated: November 18, 2020



William H. Orrick
United States District Judge